IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                Plaintiff,

WANDA J. WOJNOWSKI,

                Plaintiff-Intervenor,

      v.

CON-WAY, INC., et al.,

                Defendants.

No. CV 06-1337-MO

OPINION re: Bill of Costs

**MOSMAN, J.,**

Defendants prevailed in this matter and now seek their costs in the amount of $19,456.71 (#244).[1]  Plaintiff and plaintiff-intervenor object.  Because some of defendants' costs do not meet the standards outlined in 28 U.S.C. § 1920, their request is GRANTED IN PART and DENIED IN PART, and they are awarded $9,228.63.

---

[1] The Declaration of Dennis Westlind (#245) lists an additional item, copy costs of $155.52, bringing the total to $19,612.23.  However, because this amount was not requested in the actual Bill of Costs (#244) I have not included it in the amount considered here.

PAGE 1 - OPINION re: Bill of Costs

## DISCUSSION

The district court has discretion to award costs, but only those costs identified in 28

U.S.C. § 1920 are properly recoverable.  *See Alflex Corp. v. Underwriters Labs., Inc.,* 914 F.2d

175, 176 (9th Cir. 1990) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 441-42

(1987)).  Defendants seek reimbursement for costs associated with (1) depositions/transcripts

($13,941.75); (2) photocopies and processing for discovery and documents filed with the court

($816.46)[2]; (3) witness related fees ($567.50); and (4) fees and costs for defendants' expert

witness ($4,131.00).

Costs are generally available to a prevailing party.  Federal Rule of Civil Procedure

54(d)(1) provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise,

costs—other than attorney's fees—should be allowed to the prevailing party."  This rule "creates

a presumption for awarding costs to prevailing parties."  *Save Our Valley v. Sound Transit*, 335

F.3d 932, 944-45 (9th Cir. 2003).  The court "need not give affirmative reasons for awarding

costs; instead, it need only find that the reasons for denying costs are not sufficiently persuasive

to overcome the presumption in favor of an award."  *Id.* at 945.  When the court exercises its

discretion to deny costs, it must explain its reasons for doing so.  *Id.*

## I.    Deposition Costs

"Fees for printed or electronically recorded transcripts" are allowed to the extent that they

were "necessarily obtained for use in the case."  28 U.S.C. § 1920(2).  However, this does not

entitle the prevailing party to the costs of both transcribing and videotaping depositions.  Unless

---

[2] This does not include item thirty-two from the Westlind Declaration (#245), the $155.52 for copy costs incurred for pretrial filings, which was not listed in the Bill of Costs (#244).

both a transcript and a video were necessary for the case—i.e. there was an independent and legitimate use for both—only transcription costs are recoverable. *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 449 (4th Cir. 1999) (citing *Tilton v. Capital Cities/ABC, Inc.*, 115 F.3d 1471, 1478 (10th Cir. 1997)).  Defendants have produced no independent and legitimate reason for obtaining both stenographic transcription and video of the depositions at issue.  Therefore, I deny the costs associated with videotaping the depositions ($2,337.00).

Defendants have also included the cost of depositions and transcriptions for plaintiff and plaintiff-intervenor's expert witnesses.  These depositions and transcripts were not "necessarily obtained for use in the case," because defendants were provided detailed expert reports and the court informed the parties that the experts' testimony would not be allowed to deviate from those reports.  Therefore, I deny the costs associated with the depositions of Robert Fountain, Richard Ross, and Serena Morones ($2,709.58).

Defendants have included $608.00 as reimbursement for deposition attendance by Matthew Lane.  Generally, a witness may be paid an attendance fee of $40 a day for a deposition. 28 U.S.C. § 1821(b).  It is not reasonable to expect plaintiff and plaintiff-intervenor to pay more than fifteen times the normal rate for a witness simply because he had to miss one day of work.  I grant defendants $40 for Mr. Lane's attendance at the deposition.

## II.    Photocopying Costs

I grant the photocopying and processing costs.

## III.    Witness Costs

Defendants have included the cost of attempting to serve a subpoena on Barbara Ross, a former employee.  Ms. Ross was never on defendants', plaintiff's, or plaintiff-intervenor's witness

lists and did not appear at trial. Defendants were ultimately unable to serve Ms. Ross. They

have not explained what information, if any, they believe Ms. Ross had, or how the deposition

might have been necessary at trial. I deny the costs associated with attempting to serve Ms. Ross

because they were not necessary for trial ($482.50).

## IV.    **Expert Witness Costs**

Defendants include the cost of hiring defense expert witness, Carol Sampson, in the bill

of costs. Under 42 U.S.C. § 2000e-5(k), the prevailing party in a Title VII or Age Discrimination

in Employment Act action may recover "a reasonable attorney's fee (including expert fees)." The

statute does not distinguish between prevailing defendants and prevailing plaintiffs; however,

courts have created such a distinction. "The attorney fee provision is intended to enable

individuals to obtain competent counsel and to relieve successful claimants of the financial

burden of such fees." *Stewart v. Burlington N. Santa Fe R.R.*, 31 F. Supp. 2d 1243, 1244 (W.D.

Wash. 1999) (citations omitted). In light of this policy, "courts award attorney's fees to

prevailing defendants sparingly for fear of deterring plaintiffs from risking an action under Title

VII." *Id.* (citing *EEOC v. Bruno's Rest.*, 13 F.3d 285, 287 (9th Cir. 1993); *Dosier v. Miami

Valley Broad. Corp.*, 656 F.2d 1295, 1301 (9th Cir. 1981)). "Hence, a plaintiff should not be

assessed his opponent's attorney's fees unless a court finds that his claim was frivolous,

unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so."

*Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978). This logic applies equally to

expert fees, which can be extremely costly. Plaintiff and plaintiff-intervenor's claims were not

frivolous, unreasonable, or groundless, I therefore deny costs associated with defendants' expert

witness ($4,131.00).

PAGE 4 - OPINION re: Bill of Costs

V.    <u>**The Arithmetic**</u>

Total Requested:              $19,456.71
Video Depositions:            (2,337.00)
Expert Depositions:           (2,709.58)
Mr. Lane's fee:               (568.00)
Service on Ms. Ross:          (482.50)
Expert fees Ms. Sampson:       (4,131.00)
Total Award:                  $ 9,228.63

IT IS SO ORDERED.

DATED this   7th   day of May, 2009.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge